# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

DALE McCORMICK,

                    Petitioner,

          v.                          CASE NO.  10-3168-SAC

STEPHEN SIX,

                    Respondent.

## MEMORANDUM AND ORDER

This petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2254 by an inmate of the Lansing Correctional Facility, Lansing, Kansas.  The filing fee has been paid.  Mr. McCormick seeks to challenge his convictions by a jury in the District Court of Douglas County, Kansas (Case No. 03-CR-236) of aggravated kidnaping, aggravated burglary, and aggravated intimidation of a witness.  He was sentenced on April 15, 2004, to 213 months in prison.  He also seeks to challenge his convictions of "four drug-related offenses." He was tried separately on the drug offenses upon stipulated facts.

At the outset, the court denies petitioner's motion for random assignment of case.  Reassignment of cases is not effectuated based solely upon the preference of a litigant.  Mr. McCormick's allegations that he filed a judicial complaint against the undersigned judge in the past are not presented in a motion to recuse and do not suggest any grounds for recusal.  A judge is not precluded from hearing a particular litigant's case simply because that litigant previously registered a complaint, which showed nothing more than the litigant's disagreement with the prior rulings of that judge.

In initiating this action, Mr. McCormick filed a Petition that

is 95 pages long, Appendix I that is 29 pages long, and Appendix II that is 26 pages long. Nevertheless, he does not present sufficient facts to establish the threshold prerequisite of having exhausted state court remedies on each claim presented. In his Petition, he states his claims as: (1) failure to provide "full and fair litigation" of his Fourth Amendment claims, (2) insufficient evidence of "bodily harm" and/or erroneous "bodily harm" jury instruction denied due process, (3) denial of Sixth Amendment right to counsel, and (4) prosecutorial misconduct. He alleges no supporting facts for these claims in the form Petition, but refers to numerous pages in his "Supplements." He marks "yes" to the question of whether these four claims were raised on direct appeal. Not only petitioner's general claims, but the same crucial facts he alleges in support, must have been presented to the state appellate courts in order to have been exhausted. On the form Petition, Mr. McCormick was also required to state the grounds he raised on direct appeal to the Kansas Supreme Court. He listed those issues as: Fourth Amendment claim; denied counsel; prosecutorial misconduct; erroneous jury instruction/insufficient evidence of agg. kidnaping; and <u>Brady</u> claim.

It does not appear that Mr. McCormick has entirely exhausted all of his first claim. He claimed in state court that illegally seized evidence was admitted at trial, including items from his backpack, 4 pictures, and entries from a journal and that the search warrant for his residence was invalid. <u>Id</u>. at 205. Here, he claims that the state courts did not apply the correct, established Supreme Court legal standard in <u>Chapman v. California</u>, 386 U.S. 18 (1967), in that it improperly undertook a harmless error analysis and failed

to consider all tainted evidence. McCormick's claims herein regarding the seizure of evidence of his "small, personal marijuana growing operation" are not shown to have been raised on direct appeal of his drug convictions. The court finds that petitioner's Fourth Amendment claim appears to be exhausted, except to the extent it involves the evidence in his separate trial on drug charges. Challenges to the drug evidence were not exhausted. Consequently, this is another mixed petition. See Pliler v. Ford, 542 U.S. 225, 227 (2004).

Petitioner's second claim also appears to be partially unexhausted. Petitioner claimed in state court that the jury instruction on the bodily harm element of aggravated kidnaping was erroneous because the following sentence was omitted: "Unnecessary acts of violence upon the victim, and those occurring after the initial abduction would constitute 'bodily harm'." State v. McCormick, 37 Kan.App.2d 828, 846, 159 P.3d 194 (Kan.App. 2007). There is no indication that he claimed there was insufficient evidence of bodily harm. If he does not show that he argued the latter in a brief to the KCA and the Kansas Supreme Court on direct appeal, then his claim that there was insufficient evidence presented to the jury of the element of bodily harm is not exhausted. His attempt to litigate this issue by raising it in his petition for discretionary review to the Kansas Supreme Court was previously held not to constitute proper exhaustion.[1]

---

[1]    In Castille v. Peoples, the United States Supreme Court concluded that the petitioner "failed to exhaust state remedies by using a discretionary procedure-filing his habeas petition with the Pennsylvania Supreme Court." Allen v. Zavaras, 568 F.3d 1197, 1202 (10th Cir. 2009)(citing Castille, 489 U.S. 346, 351 (1989)). The Supreme Court held:

    where the claim has been presented for the first and only time in a

Petitioner claimed in the state appellate courts that the trial court denied his right to counsel on the following grounds: the court denied his request to appoint new counsel, which allegedly forced Mr. McCormick to represent himself. He now states that he argued his appointed counsel were ineffective, primarily for not pursuing matters that McCormick believed they should, and that a conflict of interest was created by his claims of counsel ineffectiveness. It appears he also argued that his decision to waive his right to counsel and represent himself was knowing, but not voluntary. Petitioner does not show that he argued on direct appeal all the grounds he now alleges to prove that his appointed, turned stand-by, counsel were ineffective, such as all the matters he alleges they did not challenge. He must show not only that he raised these issues to the trial court, but that they were presented to both the KCA and the Kansas Supreme Court. Otherwise, these grounds for alleging that his appointed counsel were incompetent have not been exhausted.[2]

procedural context in which its merits will not be considered unless there are special and important reasons therefor, raising the claim in such a fashion does not, for the relevant purpose, constitute fair presentation." Id. (quotations and citation omitted); see also Parkhurst v. Shillinger, 128 F.3d 1366, 1369 (10th Cir. 1997)(applying Castille and holding "petitioner's presentation of his claim to the Wyoming Supreme Court via a petition for writ of certiorari was . . . ineffective to exhaust his state remedies").

Allen, 568 F.3d at 1202-03; see also Bloom v. McKune, 130 Fed.Appx. 229, 232 (10th Cir. 2005)(Directly petitioning the Kansas Supreme Court does not comply with the procedural requirements of Kansas law, where KSA 60-1507 provides the exclusive remedy for post-conviction relief, except for certain sentencing issues, and thus does not give Kansas courts a fair opportunity to act.); Portley-El v. Brill, 2010 WL 2113455 (10th Cir. 2010)(not cited for precedential value).

[2]     A necessary premise of petitioner's argument that he was forced to proceed without competent counsel is that his appointed counsel were incompetent. As such, the claim that appointed counsel were incompetent must have been fully and properly exhausted in state court. A petitioner has not exhausted an ineffective assistance of counsel claim when "the substance of the claim he presented in federal court differs materially from that which he presented in state court." Fairchild v. Workman, 579 F.3d 1134, 1147 (10th Cir. 2009).

Petitioner now contends that the prosecutor withheld exculpatory evidence; repeatedly put prejudicial matters before the jury; and, during closing, improperly vouched, inflamed passion, argued facts not in evidence, misstated the law, and expressed personal opinion as to guilt. He states that his attorney presented "the trial misconduct portion of the argument in a Petition for Review." What is meant by this statement is not at all evident. The KCA lists the following similar general grounds raised before that court: "made inflammatory and prejudicial remarks in closing statements, . . . misstated evidence produced at trial, . . . and misled the jury on the law." Petitioner's claims that the prosecutor "knowingly" withheld the "Garcia notes" and the DNA report were raised as <u>Brady</u> claims.[3] He now alleges that the "chain of custody information" for the DNA report was withheld by the State, and this prevented him from introducing the DNA report at trial. Mr. McCormick must prove to this court that all the grounds for his claim of prosecutorial misconduct now presented were raised in his Petition for Review by providing copies of the relevant portions of his Brief on direct appeal.

The habeas statute expressly requires exhaustion.[4] <u>See</u> 28 U.S.C. § 2254(b)(1)(A)("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State

---

[3]    In the context of petitioner's <u>Brady</u> claim, the KCA found that the prosecutor was "completely unaware" of these field notes and thus her unintentional failure to disclose them was not grounds for reversal. <u>State v. McCormick</u>, 159 P.3d at 208-09.

[4]    Moreover, " . . . 28 U.S.C. § 2254(b)(3) establishes a statutory presumption that a state has not and will not waive the exhaustion requirement in the habeas context: 'A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement'." <u>Allen</u>, 568 F.3d at 1201-02.

court shall not be granted unless it appears that-- the applicant has exhausted the remedies available in the courts of the State. . . .”); see Baldwin v. Reese, 541 U.S. 27, 29 (2004); Anderson v. Harless, 459 U.S. 4 (1982); Rose v. Lundy, 455 U.S. 509 (1982).  The Supreme Court has held that a state prisoner generally must exhaust all available state court remedies before seeking a writ of habeas corpus in federal court.  O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).  Even though it is not jurisdictional, there is a "strong presumption" in favor of requiring exhaustion of state remedies. See Castille, 489 U.S. at 349; Juiliano v. Bruce, 171 Fed.Appx. 234, 238 (10th Cir. 2006).  "An exception is made only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief."  Duckworth v. Serrano, 454 U.S. 1, 3 (1981)(per curiam); 28 U.S.C. § 2254(b)(1)(B); Beavers v. Saffle, 216 F.3d 918, 924 FN 3 (10th Cir. 2000), cert. denied, 537 U.S. 1203 (2003); Hernandez v. Starbuck, 69 F.3d 1089, 1092 (10th cir. 1995)(The exhaustion requirement is not to be "overlooked lightly," and principles of comity and federalism demand that the requirement be "strictly enforced."), cert. denied, 517 U.S. 1223 (1996).

Given Mr. McCormick statements that he has a 60-1507 petition currently pending in state district court, an evidentiary hearing was conducted, and the matter is pending a decision, he can hardly aver that there is no available remedy in state court.[5] Petitioner's allegation of some delay in adjudicating this post-conviction motion, without more, does not excuse his failure to

---

[5]     Mr. McCormick has not even provided this court with a list of the issues and crucial facts he raised in his 60-1507 petition.

exhaust state remedies prior to bringing another federal habeas corpus action. See Body v. Watkins, 51 Fed.Appx. 807, (10th Cir. 2002). He does not provide a copy of the docket sheet or allege facts indicating the cause for the delay in state court. It is plausible that his own actions, such as his filing of supplements, amendments, and time-consuming motions, have caused delay. Nor does he allege facts showing that he has suffered any undue prejudice as a result of delay. A delay of one year in determining a state post-conviction motion is not presumptively prejudicial, particularly where an evidentiary hearing was held and the record is voluminous. See e.g., Harris v. Champion, 15 F.3d 1538, 1555-56 (10th Cir. 1994)(and cases cited therein)(delay in direct appeal). Finally, Mr. McCormick fails to show that he has made any effort in the state courts to request or compel a ruling. In short, he has not shown that the State's process is inadequate to protect his rights.

The exhaustion requirement is not satisfied unless a federal claim has been "fairly presented to the state courts," such that the State has had "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Picard v. Connor, 404 U.S. 270, 275 (1971) (quotation omitted). The petitioner must have invoked "one complete round of the State's established appellate review process," including a petition for discretionary review to the state's highest court when such review is available. O'Sullivan, 526 U.S. at 845. "[T]he question of whether or not a petitioner has exhausted remedies available in the state court is a question of law. . . ." Allen, 568 F.3d at 1200 FN4 (citation omitted).

The Tenth Circuit Court of Appeals has reasoned:

> The exhaustion requirement . . . was created by the habeas courts themselves, in the exercise of their traditional equitable discretion because [it was] seen as necessary to protect the interests of comity and finality that federal collateral review of state criminal proceedings necessarily implicates (citations omitted).

Id. at 1202; see also U.S. v. Mitchell, 518 F.3d 740, 746 FN 8 (10th Cir. 2008)(noting "[s]ua sponte consideration of exhaustion of state remedies . . . is explicitly permitted by Supreme Court precedent")(citing Granberry v. Greer, 481 U.S. 129, 133 (1987); Caspari v. Bohlen, 510 U.S. 383, 389 (1994)). As McCormick was previously instructed by the Tenth Circuit:

> "As with any § 2254 petition," a petitioner seeking to invoke the exceptions "must satisfy the procedural prerequisites for relief[,] including, for example, exhaustion of remedies." Lackawanna, 532 U.S. at 404, 121 S.Ct. 1567. Exhaustion is a doctrine of comity and federalism "dictat[ing] that state courts must have the first opportunity to decide a [habeas] petitioner's claims." Rhines, 544 U.S. at 273, 125 S.Ct. 1528. "[I]t would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation. . . ." Id. at 274, 125 S.Ct. 1528 (quotation omitted). In sum, the "substance of a habeas petitioner's federal claims must be fairly presented to the state courts before they can be raised in federal court, and petitioner bears the burden of demonstrating that he has exhausted his available state remedies." Oyler, 23 F.3d at 300 (citations omitted); see also Sup.Ct. R. 20.4(a); Caver v. Straub, 349 F.3d 340, 345 (6th Cir. 2003).

McCormick v. Kline, 572 F.3d 841, 851 (10th Cir. 2009). Mr. McCormick was previously informed by this court in McCormick v. Six, 2008 WL 2282643 at *5 (D.Kan. May 30, 2008), COA denied, 306 Fed.Appx. 424 (10th Cir. 2009):

> [T]he Supreme Court explained in Rose v. Lundy:

> Under our federal system, the federal and state "courts [are] equally bound to guard and protect rights secured by the Constitution." Ex parte Royall, 117 U.S., at 251, 6 S.Ct., at 740. . . .[F]ederal courts apply the doctrine of comity, which "teaches that one court should defer

action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter." (Cites omitted.). <u>Id.</u> at 518. The Supreme Court found "equally as important" that federal claims which have been "fully exhausted in state courts will more often be accompanied by a complete factual record to aid the federal courts in their review." <u>Id.</u> The court in <u>Rose</u> noted that its rule encouraging exhaustion of all federal claims was particularly necessary in a case where "there is such a mixture" of claimed violations that "one cannot be separated from and considered independently of the others." The Court stated:

> Requiring dismissal of petitions containing both exhausted and unexhausted claims will relieve the district courts of the difficult if not impossible task of deciding when claims are related, and will reduce the temptation to consider unexhausted claims.

<u>Rose</u>, 455 U.S. at 519. To the extent exhausted and unexhausted claims are interrelated, the district court may dismiss mixed habeas petitions for exhaustion of all such claims. <u>Id.</u>

. . . [O]ur interpretation of §§ 2254(b), (c) provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court.

* * *

[S]trict enforcement of the exhaustion requirement will encourage habeas petitioners to exhaust all of their claims in state court and to present the federal court with a single habeas petition. To the extent that the exhaustion requirement reduces piecemeal litigation, both the courts and the prisoners should benefit, for as a result the district court will be more likely to review all of the prisoner's claims in a single proceeding, thus providing for a more focused and thorough review.

<u>Rose</u>, 455 U.S. at 519-20.

<u>Id</u>. After AEDPA became applicable, the Supreme Court continued to state, "[u]nder <u>Rose</u>, federal district courts must dismiss mixed petitions." <u>Pliler</u>, 542 U.S. at 230 (citing <u>Rose</u>, 455 U.S. at 522.). The Supreme Court reasoned in <u>Duncan v. Walker</u>, 533 U.S. 167, 180 (2001):

A diminution of statutory incentives to proceed first in state court would also increase the risk of the very piecemeal litigation that the exhaustion requirement is designed to reduce. Cf. Rose, 455 U.S., at 520, 102 S.Ct. 1198. We have observed that "strict enforcement of the exhaustion requirement will encourage habeas petitioners to exhaust all of their claims in state court and to present the federal court with a single habeas petition."

Id. They further noted that it is "AEDPA's clear purpose to encourage litigants to pursue claims in state court prior to seeking federal collateral review." Id. at 181. They have warned that the "combined effect of Rose and AEDPA's limitations period is that if a petitioner comes to federal court with a mixed petition toward the end of the limitations period, a dismissal of his mixed petition could result in the loss of all his claims-including those already exhausted . . . ." Pliler, 542 U.S. at 230.

The court notes that in an unpublished opinion, the Tenth Circuit Court of Appeals opined that Rose in part "was superseded by statute . . . upon the passage of (AEDPA), codified in relevant part at 28 U.S.C. § 2254(b)(2)," which states that "[a]n application for a writ of habeas corpus may be denied on the merits notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." Rudolph v. Galetka, 208 F.3d 227, * *1 (10th Cir., Mar. 21, 2000, Table) FN14. The Tenth Circuit further stated, "This section allows federal district courts entertaining habeas petitions which contain unexhausted claims to address those claims if they can be decided on their merits against the petitioner ." Thus, this court acknowledges that it has discretion to hear and deny petitioner's unexhausted claims. However, it is not prepared at this juncture to determine which of petitioner's claims are not exhausted or that petitioner's unexhausted claims fail to present

even a colorable federal claim.  See Hoxsie v. Kerby, 108 F.3d 1239, 1242-43 (10th Cir.), cert. denied, 522 U.S. 844 (1997). Petitioner's claims have been numerous and varied, often involve complicated arguments and factual allegations that are intertwined, and the voluminous record has not been provided or reviewed.  The court therefore declines to exercise its discretion to consider and deny any of petitioner's unexhausted claims on the merits.

The court takes judicial notice of prior related cases filed by Mr. McCormick.  He previously filed a § 2254 petition in this court challenging his 2004 convictions, which was determined to be a mixed petition.  That application was dismissed without prejudice after petitioner failed to dismiss the unexhausted claims therein.  In that case, this court cited his "Appellant's Petition for Review" filed in the Kansas Supreme Court on direct appeal on June 25, 2007 (Case No. 04-92408), and noted that the issues raised were: (I) "It was error for the court to permit Mr. McCormick to proceed pro se when he did not want to" and he was denied the right to trial counsel; (II) the trial court erred in denying suppression of evidence seized from defendant's computer and residence pursuant to an overly broad search warrant, and the KCA's finding that its admission was harmless was erroneous, and (III) improper comments by the State denied defendant the right to a fair trial.  The court found that these issues "are the only ones that have been fully and properly exhausted."  McCormick v. Six, 2008 WL 2282643 at *6 FN8. It is not likely that the issues actually raised during McCormick's direct appeal to the Kansas Supreme Court have changed since that Order was entered.

In the above cited Order, this court also found that Mr.

11

McCormick's own statements that his counsel on direct appeal "failed to mention" his drug convictions "in her brief to the KCOA" or the Petition for Review showed that his challenges to those convictions were not exhausted in the state appellate courts and may have even been procedurally defaulted. <u>Id.</u> at *1. The court found Mr. McCormick had presented challenges to evidence seized at his residence and introduced at his kidnaping trial, and had exhausted state court remedies on these particular Fourth Amendment challenges, but "has not exhausted his Fourth Amendment claims as to drug evidence." <u>Id.</u> FN 2.

Mr. McCormick has previously been informed that the "exhaustion requirement is satisfied if the issues have been 'properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack'." <u>See</u> <u>Brown v. Shanks</u>, 185 F.3d 1122, 1124 (10th Cir. 1999)(quoting <u>Dever v. Kan. State Penitentiary</u>, 36 F.3d 1531, 1534 (10th Cir. 1994)). He has not shown that he presented all claims raised and facts alleged in the instant Petition on direct appeal. Since state post-conviction proceedings on his challenged convictions are currently pending at the trial court level, any claims that were not presented in his direct appeal have not been exhausted. Unless petitioner actually shows that all claims raised in the instant Petition have been fully and properly exhausted, his argument that this court must determine the Petition at this time because it contains only exhausted claims is not sustainable.

When confronted with a mixed petition, a court has limited options. It "may either (1) dismiss the entire petition without prejudice in order to permit exhaustion of state remedies, or (2)

deny the entire petition on the merits." <u>Moore v. Schoeman</u>, 288 F.3d 1231, 1235 (10th Cir. 2002)(footnote omitted).[6]

In sum, the court is not convinced by petitioner's conclusory indications that he has satisfied his burden of proving that he fully and properly exhausted all available state court remedies on all claims in his federal Petition. Mr. McCormick is given time to provide proof that each claim and all facts alleged in support of each claim have been fully and properly exhausted. He may do so by submitting copies of those relevant portions of his appellate briefs

---

[6]    As Mr. McCormick is aware, the court may also either grant the petitioner the opportunity to amend his petition to omit the unexhausted claim(s) and proceed only upon the exhausted claims, or in "limited circumstances," grant the petitioner the opportunity to request that the habeas proceedings be stayed and held in abeyance until such time as the unexhausted claim is exhausted. <u>Rhines v. Weber</u>, 544 U.S. 269, 277-78 (2005). With respect to the latter option, the Tenth Circuit noted:

> In <u>Rhines v. Weber</u>, the Court provided limited options to a district court faced with a mixed habeas petition. A district court may stay a mixed habeas petition pending exhaustion of unexhausted claims. The Court cautioned, however, "stay and abeyance should be available only . . . when the district court determines there was good cause for the petitioner's failure to exhaust" and where the unexhausted claims are not "plainly meritless." "[I]f a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief."

<u>Allen</u>, 568 F.3d at 1201, FN7 (citations omitted).

    Even though this court has the discretion to issue a stay in the instant matter pending petitioner's exhaustion of state remedies, the Supreme Court has recognized that "[s]taying a federal habeas petition frustrates [AEDP]'s objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings" and also "undermines [AEDPA]'s goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." <u>Rhines</u>, 544 U.S. at 277.
    To be entitled to a stay of the habeas proceedings pending exhaustion, a petitioner must demonstrate (1) that "good cause" exists for his failure to exhaust his claim first in state court, (2) that his unexhausted claim is "potentially meritorious" and (3) that he has not deliberately engaged in "dilatory litigation tactics." <u>Id</u>. at 277-78. In this case, Mr. McCormick has not shown good cause for his failure to exhaust all of his claims in state court before filing his federal Petition. Furthermore, if he diligently pursues his federal claims in state court, the dismissal of the instant Petition does not jeopardize the timeliness of a federal habeas petition under 28 U.S.C. § 2244(d)(1), and thus the time limitations in § 2244(d)(1) do not provide justification for the issuance of a stay in this matter.

including those to the Kansas Supreme Court on direct appeal in which the issues discussed above were presented. Within the same time period, Mr. McCormick is required to show cause why his federal habeas application should not be dismissed without prejudice as a "mixed petition."

In the alternative, within the same time limit, he may file an Amended Petition, upon forms provided by the court, that omits all unexhausted claims and crucial facts and contains clear proof of exhaustion of each retained claim and the facts alleged in support of that claim. If Mr. McCormick fails to properly comply with the court's order in the time provided, this Petition will be dismissed without prejudice to his filing a new action once he has fully exhausted state court remedies on all claims raised therein.

Furthermore, even if petitioner proves he has exhausted all claims contained in his current federal Petition, he has thus far not alleged facts to convince this court that it should exercise its discretion to determine his federal Petition prior to a ruling in his pending state post-conviction action. In that action a hearing has already been conducted, and the record is voluminous.

Petitioner's Motion to Duplicate the State Record is denied. Petitioner is not proceeding in forma pauperis herein. The court will order respondent to provide the existing state record to the court once petitioner has filed a Petition showing he has fully and properly exhausted his claims.

**IT IS THEREFORE ORDERED** that petitioner is granted thirty (30) days in which to provide proof that he has fully and properly exhausted each claim and all crucial facts raised in his Petition

or; in the alternative, to file an Amended Petition, upon forms provided by the court, that omits all claims and crucial facts that are not exhausted and contains clear proof of exhaustion of each retained claim and the facts alleged in support of that claim.

**IT IS FURTHER ORDERED** that petitioner's Motion for Random Assignment (Doc. 2) and Motion to Duplicate the State Court Record (Doc. 6) are denied.

The clerk is directed to send § 2254 forms to petitioner.

**IT IS SO ORDERED.**

Dated this 4th day of October, 2010, at Topeka, Kansas.




s/Sam A. Crow
U. S. Senior District Judge